Matter of Ferrara (2026 NY Slip Op 00507)

Matter of Ferrara

2026 NY Slip Op 00507

Decided on February 4, 2026

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.

2025-12709

[*1]In the Matter of Jamie T. Ferrara, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Jamie T. Ferrara, respondent. (Attorney Registration No. 4419784)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 25, 2007.

Courtny Osterling, White Plains, NY (Stephanie J. McCarthy of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On October 22, 2025, the Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition and a verified petition, both dated October 17, 2025, and duly filed those papers with this Court together with an affidavit of service. The petition contains two charges of professional misconduct, alleging that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to cooperate with a disciplinary investigation by the Grievance Committee and engaged in conduct that adversely reflects on his fitness as a lawyer by failing to appear or produce documents pursuant to a judicial subpoena, in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
The notice of petition directed the respondent to file his answer to the petition within 20 days after service upon him of the petition. To date, the respondent has neither served nor filed an answer to the petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were duly served upon the respondent on November 13, 2025, he has neither opposed the instant motion nor interposed any response thereto.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1) and (3), upon a finding that he is guilty of professional misconduct immediately threatening the public interest. To date, the respondent has neither opposed that motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated October 17, 2025, are deemed established, and, effective immediately, the respondent is disbarred and his [*2]name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's separate motion, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
LASALLE, P.J., DILLON, DUFFY, BARROS and WOOTEN, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated October 17, 2025, established is granted, and the Grievance Committee's separate motion, inter alia, to immediately suspend the respondent, Jamie T. Ferrara, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jamie T. Ferrara, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Jamie T. Ferrara, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Jamie T. Ferrara, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jamie T. Ferrara, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court